IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
SEP 1 2 2005
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
            DEPUTY CLERK

| | | |
|---|---|---|
| MARTHA BLACK EBERHARD, Individually and as Executor of THE ESTATE OF DAVID A. EBERHARD, DOROTHY M. ELLIOTT, DONALD R. ELLIOTT and PEGGY GANNON, Plaintiffs, | § § § § § § § | |
| v. | § § | CIVIL ACTION NO. A-O3-CA-866-LY |
| GOLDEN AMERICAN LIFE INSURANCE CO., THE LEADERS GROUP, INC., DANNY W. BALLARD, and PFS INVESTMENTS, INC., Defendants. | § § § § § § | |

## DEFENDANTS THE LEADERS GROUP, INC., AND DANNY W. BALLARD'S TRIAL BRIEF – RATIFICATION

The Leaders Group, Inc., and Danny W. Ballard, Defendants (together, "Ballard"), file this trial brief and show that the Plaintiffs are barred under the doctrines of waiver, ratification and estoppel from asserting claims based on their investment transactions.

1. Courts have consistently held that when, as here, customers received confirmations of trades and periodic statements providing all relevant information about the trades, and fails to timely complain about the transactions, the customers are barred under the doctrines of waiver, ratification and estoppel from later asserting claims based on those transactions. *See Jakisich v. Thomson McKinnon Sec., Inc.*, 582 F. Supp. 485, 497 (S.D.N.Y. 1984) (by not objecting to trades, plaintiff waived her right to object and ratified the transactions; she could not instead elect to "rid[e] the market"); *Altschal v. Paine, Webber, Jackson, Curtis, Inc.* 518 F. Supp. 591, 594 (S.D.N.Y. 1981) (stating that plaintiffs' unsuitability claims were based on the untenable "heads I win, tails you lose" proposition and that "[b]y failing to object to

the course of trading in the accounts for approximately two years despite ample opportunity to do so, the [plaintiffs] must be held to have ratified the transactions conducted on their behalf"); *Ferguson v. Francis I. du Pont & Co.* 369 F. Supp. 1099, 1101 (N.D. Tex. 1974); *Hecht v. Harris, Upham & Co.*, 283 F. Supp. 417, 429-30 (N.D. Cal. 1968), *aff'd in relevant part and mod. on other grounds*, 430 F.2d 1202 (9th Cir. 1970) (plaintiff "is barred by estoppel, laches, and waiver... from suddenly taking the position that such trading of the account in securities and commodities was unsuitable for her needs and objectives..."). The principal underlying this rule is that:

> The purpose of the Securities Exchange Act is to protect the innocent investor, not one who loses his innocence and then waits to see how his investment turns out before he decides to invoke the provisions of the Act.

*Black v. Riker-Maxson Corp.*, 401 F. Supp. 693, 699 (S.D.N.Y. 1975) (quoting *Royal Air Properties, Inc. v. Smith*, 312 F.2d 210, 213-214 (9th Cir. 1962).

    2.    The Plaintiffs received prospectuses regarding their investment options and made all of their own investment decisions. The Plaintiffs received quarterly statements regarding the performance of the accounts. If the Plaintiffs were dissatisfied with the investments, it was incumbent upon them to change their elections. The Plaintiffs alone bear the responsibility of the investment decisions. Therefore, the Plaintiffs are barred under the doctrines of waiver, ratification and estoppel from asserting claims based on those transactions.

Respectfully submitted,

HENSLEE, FOWLER, HEPWORTH & SCHWARTZ, L.L.P.

By: _____
Charles Michael Gray
State Bar No. 08314900
Charles W. Settle, Jr.
State Bar No. 18032180

306 West 7th Street, Suite 1045
Fort Worth, TX 76102
817/810-0717
817/810-0811 – Fax

ATTORNEYS FOR THE LEADERS GROUP, INC., AND DANNY W. BALLARD, DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above instrument was served on the following attorneys of record in the manner indicated below:

| | |
|---|---|
| Donald R. Taylor, Esq.<br>Taylor & Dunham, LLP<br>327 Congress Avenue, Suite 600<br>Austin, Texas 78701<br>ATTORNEY FOR PLAINTIFFS | By Hand |
| David P. Blanke, Esq.<br>Vinson & Elkins, LLP<br>The Terrace 7<br>2801 Via Fortuna, Suite 100<br>Austin, Texas 78746 | By Hand |

SIGNED: September 12, 2005.

_____
Charles W. Settle, Jr.

**DEFENDANTS THE LEADERS GROUP, INC., AND DANNY W. BALLARD'S TRIAL BRIEF – RATIFICATION** – Page 3