IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARTHA BLACK EBERHARD, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF DAVID A. EBERHARD, DOROTHY M. ELLIOT, DONALD R. ELLIOT, AND PEGGY GANNON,<br><br>      Plaintiffs,<br><br>vs.<br><br>GOLDEN AMERICAN LIFE INSURANCE CO., THE LEADERS GROUP, INC., DANNY W. BALLARD, AND PFS INVESTMENTS, INC.<br><br>      Defendants. | §§§§§§§§§§§§§§§§§ | CIVIL NO. A-03-CA-866-LY |

**DEFENDANTS' SUPPLEMENT TO MOTION FOR TEMPORARY STAY
AND REQUEST FOR ORAL HEARING**

TO THE HONORABLE JUDGE YEAKEL:

      Defendants, The Leaders Group, Inc. ("TLG"), and Danny W. Ballard, respectfully file this supplement to their Motion for Temporary Stay and Request for Oral Hearing, filed on August 17, 2006. (Doc. 216.) The purpose of this supplement is to provide updated information to the Court about the necessity of a temporary stay if TLG is to remain solvent beyond Wednesday, September 13.

      1.      TLG is a small, successful business with limited assets. Its revenues are derived from commissions payable to a significant number of registered representatives who sell variable insurance products. In exchange for providing essential administrative support to its registered representatives, TLG retains between 5% and 15% of the commissions paid to the representatives. TLG's business is closely regulated by the SEC and the NASD, and it is

therefore subject to stringent regulations that require frequent financial reporting and the maintenance of sufficient net capital.  If TLG does not satisfy these regulatory requirements on a monthly basis, it cannot stay in business.  Furthermore, it cannot survive if it does not pay commissions to its registered representatives when due, because otherwise those representatives will quickly enter into a business relationship with TLG's competitors.

2. As a result of the numerous garnishment actions that the plaintiffs have filed based on this Court's June 1 judgment, TLG's commission accounts with insurance companies have been impounded.  For the past five weeks, TLG has survived by using its limited assets to pay commissions to its registered representatives.  TLG will become insolvent this coming Wednesday, September 13, because its assets will be depleted.  Unless this Court provides relief from the plaintiffs' ongoing collection efforts by granting a temporary stay of post-judgment enforcement, including the garnishments, TLG will be forced to shut down its business in the coming week.  TLG has staved off a cash crunch for five weeks, but the garnishments have exhausted its ability to maintain solvency.

3. The Texas Legislature provided a remedy for judgment debtors in TLG's position, when it passed House Bill 4:

> These changes to appellate security reform are intended to facilitate appellate access and provide relief to judgment debtors facing insolvency as the only option to avoid judgment execution or to those with a judgment so large that the cost of supersedeas, in the full amount of the judgment, would effectively inhibit their ability to appeal.

Elaine A. Carlson, *Judge and Jury Symposium: Tort Reform: Redefining the Role of the Court and the Jury*, 47 S. TEX. L. REV. 245, 280 (2005).  While the Court considers the defendants' motion for approval of a supersedeas bond, a temporary stay would potentially preserve the status quo and allow TLG to avoid insolvency before its appeal begins.

4. In addition, Texas law requires that a motion to dissolve writs of garnishment must be decided within 10 days after the motion is filed. TEX. R. CIV. P. 664a. TLG has filed motions to dissolve each of the writs of garnishment, and recognizes that the Court's business may not allow it to comply with Texas Rule 664a. A temporary stay, however, could be accompanied by conditions that would release some of the garnished funds to allow TLG to meet its obligations, avoid insolvency, and stay in business while the Court decides the supersedeas and garnishment issues. For example, the Court could require that TLG maintain the garnished funds as net capital that TLG would not access without providing notice to the plaintiffs' counsel and, if necessary, obtaining the Court's approval. TLG would also be willing to provide monthly financial statements and information to the plaintiffs and the Court, along with any other information that would satisfy the Court that TLG is not dissipating its assets. TLG is willing to comply with any appropriate conditions that will allow it to remain solvent while the Court considers the pending motions.

5. TLG and its counsel do not work in Austin, but will keep themselves available for a telephone conference, on short notice, or an oral hearing, on 24 hours' notice, if the Court would like more information or an opportunity to take evidence on these or other matters. The defendants respect the fact that this Court's time and resources are precious, and seek relief only because the circumstances are so urgent.

**PRAYER**

The defendants request a temporary stay of the judgment, pending this Court's resolution of the motions to dissolve and to vacate the writs of garnishment and for determination of a supersedeas bond. The stay requested includes post-judgment discovery issued by the plaintiffs. The defendants request such other and further relief to which they may be entitled. A proposed form of order is attached.

                        Respectfully Submitted,

                        BEIRNE, MAYNARD & PARSONS, L.L.P.

                        /s/ Jeffery T. Nobles
                        Jeffrey R. Parsons
                        State Bar No. 15547200
                        Jeffery T. Nobles
                        State Bar No. 15053050
                        1300 Post Oak Boulevard, Suite 2500
                        Houston, Texas 77056
                        Telephone: (713) 623-0887
                        Facsimile: (713) 960-1527

## CERTIFICATE OF CONFERENCE

      The defendants have conferred with the plaintiffs regarding the relief sought in this motion. This motion is opposed.

                        /s/ Jeffery T. Nobles

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing instrument was sent to the following attorneys-of-record pursuant to the Federal Rules of Civil Procedure on this 8th day of September, 2006, via facsimile.

| | |
|---|---|
| Donald R. Taylor | Douglas W. Alexander |
| Steven D. Urban | Dana Livingston Cobb |
| Karen Burgess | Alexander, Dubose, Jones & Townsend, L.L.P. |
| Frank King | |
| Taylor Dunham and Burgess, L.L.P. | 515 Congress Ave., Suite 1720 |
| 301 Congress Avenue, Suite 1050 | Austin, Texas 78701 |
| Austin, Texas 78701 | |

                        /s/ Jeffery T. Nobles